UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROL A. ORAMOUS | CIVIL ACTION |
| VERSUS | NO. 05-3677 |
| THE MILITARY DEPARTMENT, STATE OF LOUISIANA | MAG. JUDGE WILKINSON |

### ORDER ON MOTION

The court previously granted summary judgment dismissing all of plaintiff's claims and entered final judgment in favor of defendant, the Military Department of the State of Louisiana. Record Doc. Nos. 37, 38. Plaintiff, Carol A. Oramous, filed a Motion for New Trial, seeking reconsideration of the dismissal of her retaliation claim only. Record Doc. No. 39. Defendant filed a timely opposition memorandum. Record Doc. No. 40.

Because the motion was filed within ten (10) days of entry of a judgment that was based upon the grant of a motion for summary judgment rather than trial, the court treats it as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). United States v. 16,540 in U.S. Currency, 273 F.3d 1094, 2001 WL 1085106, at *2 (5th Cir. 2001); St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997).

Rule 59 does not specify the permissible grounds for granting a motion to amend or alter the judgment, but the case law holds that a Rule 59(e) motion may be granted in four circumstances: "(1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." Restivo v. Hanger Prosthetics & Orthotics, Inc., No. 06-32, 2007 WL 1341506, at *1 (E.D. La. May 4, 2007) (Duval, J.) (citation omitted); accord Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 n.16 (5th Cir. 1993); In re Babcock & Wilcox Co., No. 00-558, 2001 WL 1204074, at *1 (E.D. La. Oct. 11, 2001) (Vance, J.).

The Fifth Circuit has held that the decision to deny such a motion is within the district court's discretion and that the decision and decision-making process need only be reasonable. Westbrook v. Commissioner of Internal Revenue, 68 F.3d 868, 879 (5th Cir. 1995); St. Paul Mercury Ins. Co., 123 F.3d at 339. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." LeClerc v. Webb, 419 F.3d 405, 412 n.13 (5th Cir. 2005) (quotation omitted).

Plaintiff's motion does not address the Rule 59(e) standard. However, she presents no new evidence and cites no intervening change in controlling law. Thus, she appears

to be asking the court to reconsider its judgment either to correct manifest errors of law or fact, or to prevent manifest injustice.

Plaintiff's retaliation claim was dismissed for failure to exhaust her administrative remedies. In her motion, Oramous concedes that "[t]he scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination," Thomas v. Texas Dep't of Crim. Justice, 220 F.3d 389, 395 (5th Cir. 2000) (citation omitted), and that any charge not alleged in the EEOC complaint and/or reasonably expected to grow out of the EEOC investigation is barred from judicial review. Id.; Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995).

Oramous argues that her retaliation claim was within the scope of reasonable investigation of her EEOC charge based on race and sex discrimination. The court found as undisputed facts that plaintiff's EEOC charge alleged that her supervisor "had subjected her to 'unwelcome verbal and physical sexual advances on numerous occasions' and to race discrimination, between May 1, 2003 and July 31, 2004. Defendant's Exh. A, Deposition Exh. 4." Order and Reasons on Motion, Record Doc. No. 37, at p.7. The court also found that "[t]he 'retaliation' box on the form was not checked and there is no mention of any retaliatory conduct in the particulars of the charge." Order and Reasons on Motion, Record Doc. No. 37, at p.24.

Oramous argues that the court placed too much emphasis on "a mere 'technical defect or omission,'" Record Doc. No. 39, plaintiff's memorandum at p.9 (quoting Sanchez v Standard Brands, Inc., 431 F.2d 455, 462 (5th Cir. 1970)), namely, her failure to check the "retaliation" box on the charge form. However, that was only one finding among the undisputed facts that led to the judgment. The court also specifically found "no mention of any retaliatory conduct in the particulars of the charge."

The Fifth Circuit has relied on evidence of which boxes are checked on the form when deciding the scope of an EEOC charge. Thomas, 220 F.3d at 395 n.3; see also Auston v. Schubnell, 116 F.3d 251, 254 (7th Cir. 1997) (barring retaliation claim because plaintiff "did not check the retaliation box on the charge form, nor did his account of the facts include any reference at all to retaliatory conduct"); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 223 (8th Cir. 1994) (failure to check the race discrimination box on EEOC form that specifically charged retaliation, with "not even [a] hint of a claim of race discrimination," bars discrimination claim. "This amounts to more than a mere technicality and is the product of an unconstrained reading of [plaintiff's] charge.").

The Seventh Circuit follows the same standard as the Fifth Circuit in permitting "plaintiffs to proceed on claims not explicitly set forth in a charge of discrimination if the claim is like or reasonably related to the EEOC charges, and the claim in the complaint reasonably could be expected to grow out of an EEOC investigation of the charge."

Peters v. Renaissance Hotel Operating Co., 307 F.3d 535, 550 (7th Cir. 2002) (quotations and brackets omitted). The Peters court explained why an investigation of retaliation cannot reasonably be expected to grow out of a discrimination charge.

> <u>Critical to a prima facie case of retaliation is that the plaintiff engaged in protected activity</u>, such as the filing of a charge of discrimination or other complaint of discriminatory activity. However, <u>the charge makes no mention of a complaint of discrimination, to whom the complaint was made or what adverse action allegedly resulted from the complaint.</u> Furthermore, although given the option to check the box on the charge form indicating retaliation, Mr. Peters did not do so. Keeping in mind that one of the purposes of the charge is to alert the employer to the offending behavior, we believe that Mr. Peters' failure to mention any type of protected activity and his failure to identify retaliation as a basis for his charge preclude him from relying on the original charge of discrimination as a basis for his retaliation claim.

Id. (citation omitted) (emphasis added); see also Romaniszak-Sanchez v. International Union of Operating Eng'rs, 121 Fed. Appx. 140, 2005 WL 103054, at *6 (7th Cir. 2005) ("a court cannot infer retaliation from a different claim, such as sexual harassment"); Gomez v. Orleans Parish Sch. Bd., No. 04-1521, 2005 WL 2050285, at *4 n.5 (E.D. La. Aug. 11, 2005) (Englehardt, J.) (Race discrimination claims were not reasonably expected to grow out of investigation of retaliation charge when plaintiff only checked the "retaliation" box. "More importantly, however, her factual statement makes no mention, even remotely, of any of the discriminatory conduct based on race and hostile work environment that she later alleges in her judicial Complaint.").

5

The Fifth Circuit confronted an identical factual situation to Oramous's case in Thomas v. Atmos Energy Corp., 223 Fed. Appx. 369, 2007 WL 866709 (5th Cir. 2007), in which the male complainant alleged same-sex harassment in his EEOC charge.

> Thomas's 2004 EEOC charge listed only [co-worker] Straughter's "sexual [sic] explicit conduct" and [defendant/employer] Atmos's subsequent investigation as the basis for his complaint. Thomas's allegations that [supervisor] Boone assigned him menial and degrading tasks are not "like or related to" his accusations regarding Straughter's conduct, and an EEOC investigation into Straughter's conduct could not reasonably be expected to encompass Boone's work assignment practices. <u>We therefore may not consider these practices as a basis for Thomas's retaliation claim</u>.

Id. at *6 (emphasis added).

In a substantial way, the instant case is factually similar to Thomas, Peters, Romaniszak-Sanchez and Auston, all of which approved the dismissal of the plaintiff's retaliation claim when his or her EEOC charge asserted only discrimination or sexual harassment. None of the cases that plaintiff cites in her motion presents a similar factual or legal situation, or requires a different result.

Because Oramous has failed to demonstrate any manifest errors of law or fact upon which the judgment is based or that the judgment works a manifest injustice, her motion is DENIED.

New Orleans, Louisiana, this __15th__ day of August, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE